**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**TALBOT–GENERAL WIRE PRODUCTS, INC., Respondent.**

**No. 19701.**

United States Court of Appeals
Eighth Circuit.

Dec. 18, 1969.

Jesse I. Etelson, Atty., N. L. R. B., Washington, D. C., for petitioner; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Nancy M. Sherman, Atty., N. L. R. B., Washington, D. C., with him on the briefs.

E. J. Holland, Jr. of the firm of Spencer, Fane, Britt & Browne, Kansas City, Mo., for respondent; James R. Willard, Kansas City, Mo., and William C. Myers, Jr. of Myers, Webster & Perry, Webb City, Mo., with him on the brief.

Before GIBSON, LAY and BRIGHT, Circuit Judges.

PER CURIAM.

Petitioner Talbot-General Wire Products, Inc. of Neosho, Missouri, seeks review of the findings of the Board as to violations of Sections 8(a) (1) and 8(a)

(3) and (1) of the National Labor Relations Act.

 The Trial Examiner found that the discharge of three employees was because of union activities and interest. The employees were active in their vocal support of a union, as well as in the solicitation of union cards in June, July and August of 1968. After their vacation in the first part of July, these same employees were exclusively required to do certain work which was extremely onerous and which had been previously rotated among different crews. One week after the plant election, held on August 16, 1967,[1] the three employees were discharged allegedly because of poor production. Upon reviewing the record as a whole, we find substantial evidence to support the decision of the Examiner and Board that the reason for discharge was pretextual and that the company was guilty of unlawful discrimination under Section 8(a) (3) and (1) of the Act.

It is also alleged that the company violated Section 8(a) (1) by reason of Foreman Long's statements to one employee that if the union got in they would have to work harder, and, one week later, that "they had better really get in and work because they [were] going to be watched." The action of a supervisory person in a casual conversation is not necessarily a Section 8(a) (1) violation. NLRB v. M & W Marine Ways, Inc., 411 F.2d 1070 (5 Cir. 1969). On this record there is no substantial evidence to support such a finding. However, assuming arguendo that these conversations constituted 8(a) (1) violations of the Act, they, nevertheless, were such isolated and inconsequential remarks that a remedial order should not issue. NLRB v. M & W Marine Ways, Inc., 411 F.2d at 1073. See also Dierks Forests, Inc. v. NLRB, 385 F.2d 48 (8 Cir. 1967).

Enforcement granted as to the Board's order on the 8(a) (3) and (1) violation; enforcement denied as to the 8(a) (1) charge.

---

1. The union lost by a vote of 34–31.